**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:19-cv-61989-DIMITROULEAS/SNOW

RYAN TURIZO, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

SLOMIN'S, INC,

    Defendant.

_____/

**DEFENDANT SLOMIN'S, INC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant Slomin's, Inc. ("Slomin's") moves to dismiss this action for lack of subject matter jurisdiction. In support of its motion, Slomin's relies on the memorandum of law that follows.

**I.**     **INTRODUCTION**

Plaintiff alleges that in August 2019 he dialed "#250" in response to a Slomin's advertisement for a free doorbell security camera. Compl. ¶ 9. Plaintiff contends his call was routed through an automated system and then disconnected. *Id.* Afterwards, Plaintiff alleges he received a text message from Slomin's stating "Call 877-906-7674 for Slomins Home Security (doorbell camera)." *Id.* ¶ 10. Because he alleges he did not consent to receiving text messages from Slomin's, *id.* ¶ 11, he filed this putative class action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff fails to establish Article III standing. The Eleventh Circuit's recent decision in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019) forecloses any argument to the contrary. In *Salcedo*, the

Eleventh Circuit held that allegations of receiving a single unsolicited text message in violation of the TCPA, and the purported intangible harms it caused, are insufficient to establish a concrete injury in fact. *Id.* at 1173. Plaintiff's allegations similarly fail to establish a concrete injury, and thus, he does not have standing.

## II.   LEGAL STANDARD

Rule 12(b)(1) allows for the dismissal of a claim when it is determined that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III of the United States Constitution allows federal courts to adjudicate only actual "cases" or "controversies." U.S. Const. Art. III §§ 1-2. Thus, Article III "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016). When a defendant challenges a plaintiff's standing by way of a Rule 12(b)(1) motion, the plaintiff bears the burden to establish that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An attack on subject matter jurisdiction can either be a "facial attack" or a "factual attack." *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). A facial attack requires the court to determine whether "the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* Here, the Plaintiff's lack of Article III standing—and thus, the Court's lack of subject matter jurisdiction—is apparent from the face of the Complaint.

## III.   ARGUMENT

Plaintiff alleges that he received a text message from Slomin's in violation of the TCPA. Compl. ¶ 10.[1] The TCPA prohibits using an automatic telephone dialing system to call residential

---

[1] Though Plaintiff only plausibly alleges receiving a single text message from Slomin's in August 2019, he uses the plural form of "messages" throughout the Complaint. *See* Compl. ¶¶ 8-9, 12-14, 17-19. Because Plaintiff asserts his claims on behalf of a putative class, *id.* ¶¶ 8, 21, presumably

{M1681292.1}                                                    2

or cellular telephone lines without the consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), (B). It also prohibits sending unsolicited advertisements via fax. *Id.* § 227(b)(1)(C). The statute is silent with respect to text messages. *See, e.g.*, *Salcedo v. Hanna*, 936 F.3d at 1166. However, the TCPA authorizes the Federal Communications Commission ("FCC") to enact implementing regulations, 47 U.S.C. § 227(b)(2), and the FCC has applied the TCPA regulations for voice calls to text messages. 30 FCC Rcd. 7961, 7964 n.3, 7978-79, 8016-22 (2015). Thus, using an automatic dialing system to send a text message without the consent of the called party can conceivably violate the TCPA.

However, the Supreme Court made clear in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) that an alleged statutory violation does not necessarily establish Article III standing. To establish Article III standing, a plaintiff must show (1) that he "suffered an injury in fact," (2) that the injury "is fairly traceable to the challenged conduct of the defendant," and (3) that the injury "is likely to be redressed by a favorable judicial decision." *Id.* at 1547 (citing *Lujan*, 504 U.S. at

---

his use of the plural form of "messages" refers to any text messages that other individuals might have received. However, there are instances where Plaintiff uses of the plural form of "messages" to refer to himself specifically. Compl. ¶¶ 9, 13, 19. The use of "messages" in these paragraphs appear to be a drafting oversight, given that the Complaint has been recycled from the numerous nearly-identical complaints Plaintiff and his lawyers have filed this year against other defendants, alleging receipt of text messages in violation of the TCPA. *See* Compl., *Turizo v. Rick Case Enters., Inc.*, Dkt. No. [1], No. 0:19-cv-62062-MGC (S.D. Fla. Aug. 15, 2019); Compl., *Turizo v. Same Day Card, LLC*, Dkt. No. [1], No. 0:19-cv-61921-DPG (S.D. Fla. July 30, 2019); Compl., *Turizo v. Certified Assocs., LLC*, Dkt. No. [1], No. 0:19-cv-61007-JIC (S.D. Fla. Apr. 19, 2019); Compl., *Turizo v. Advanced Dental Wellness Ctr., P.A.*, Dkt. No. [1], No. 0:19-cv-60409-MGC (S.D. Fla. Feb. 14, 2019); *see also* Compl., *Turizo v. Natural Wellness Ctr., LLC*, Dkt. No. [1], No. 0:19-cv-62496-PCH (S.D. Fla. Oct. 7, 2019) (later-filed, nearly-identical complaint); Compl., *Turizo v. 4Bush Holdings LLC*, Dkt. No. [1], No. 0:19-cv-62565-RS (S.D. Fla. Oct. 15, 2019) (same); Compl., *Turizo v. Vital Data Servs., LLC*, Dkt. No. [1], No. 0:19-cv-61318-RKA (S.D. Fla. May 27, 2019) (putative class action alleging *phone calls* in violation of the TCPA); Compl., *Turizo v. Defenders, Inc.*, Dkt. No. [1], No. 0:19-cv-62235-RKA (S.D. Fla. Sept. 6, 2019) (same). But even if Plaintiff's allegations can be construed to mean that *he* received multiple text messages from Slomin's, he still fails to establish Article III standing, particularly where he does not allege how many text messages he received or the cumulative impact of any of those messages on him.

560-61). The "'[f]irst and foremost'" element of standing—injury in fact—requires the plaintiff to show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1547-48.

Here, Plaintiff's injury allegations consist of nothing more than conclusory contentions of intangible harms. Plaintiff alleges that the "unsolicited text messages caused [him] actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." Compl. ¶ 19. Further, he alleges the text message caused him "inconvenience[]" and "disruption to his daily life." *Id.* Plaintiff offers no specifics to support these contentions. He does not identify, for instance, any distraction that the alleged inappropriate text message caused, any expense he incurred in connection with the text message he alleges he received, or any interference that the text message created regarding his continued use of his cellular phone. Indeed, Plaintiff does not contend that the text message interfered with his daily activity in any way. These conclusory allegations of intangible harms—and recitation of common law causes of action—are insufficient to establish a concrete injury in fact.

It thus appears that Plaintiff intends to base his alleged injury on nothing more than the bare-bones contention that Slomin's violated the TCPA. Even assuming that allegation to be true, and it is not, this is not sufficient to pursue a claim in federal court. As the Supreme Court has made plain, injury in fact is the "irreducible constitutional minimum" of standing, and Congress "cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S. Ct. at 1547-48. Thus, to satisfy Article III's injury-in-fact requirement, a plaintiff must show that he suffered concrete harm—that is, an injury that is "real" and "actually exist[s]" independent of any statute. *Id.* at 1548. Although intangible injuries are sometimes sufficient, "abstract" injuries are not. *Id.* at 1548-49. It is not

enough merely to contend, as Plaintiff does, that Slomin's engaged in an isolated instance of activity as to him that violated the TCPA.

The Eleventh Circuit in *Salcedo* exhaustively considered this exact question. 936 F.3d at 1168-72. In a published opinion issued just two months ago, the court rejected allegations nearly identical to those of Plaintiff here. *Id.* at 1173. Specifically, the court evaluated whether intangible harms allegedly resulting from the receipt of an unsolicited text message satisfy the injury-in-fact requirements, following the Supreme Court's direction to look to "history and the judgment of Congress." *Id.* at 1549. The court considered whether Congress has elevated these types of intangible harms to legally cognizable, concrete injuries. *Id.* at 1169-70. Further, the court considered whether the alleged intangible harms have "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* at 1170 (quoting *Spokeo*, 136 S. Ct. at 1549).

Following this analysis, the Eleventh Circuit in *Salcedo* rejected the plaintiff's allegations that receiving a text message caused him to "waste his time answering or otherwise addressing the message" and "resulted in an invasion of [his] privacy and right to enjoy the full utility of his cellular device." *Id.* at 1167. The analysis and holding that the court reached in *Salcedo* is binding here, and it requires dismissal of Plaintiff's claims.

A.   **The Judgment of Congress**

In addressing the judgment of Congress, the *Salcedo* court importantly noted that Congress has said *nothing* about "harms from marketing via text message" in the TCPA itself or in any legislative findings. *Id.* at 1168-69. Moreover, the court reasoned that "legislative findings about telemarketing suggest that the receipt of a single text message is qualitatively different from the kinds of things Congress was concerned about when it enacted the TCPA." *Id.* at 1169. The court found that, in enacting the TCPA, Congress was concerned with "intrusive invasions of privacy

into the home" that necessarily result from robocalls to a residential landline. *Id.* at 1170. The court further noted that Congress apparently viewed robocalls to cell phones—which are often taken outside of the home and often have their ringers silenced—as less intrusive into the privacy of the home, because Congress amended the TCPA in 1992 to allow the FCC to exempt calls to cell phones where the called party is not charged. *Id.* at 1169-70. Thus, the *Salcedo* court concluded that the judgment of Congress does not support extending federal jurisdiction to intangible harms resulting from the receipt of an unsolicited text message. *Id.* at 1170.

The same conclusion applies here. Plaintiff's claim and alleged harms are precisely the same TCPA claim and purported harms that the court addressed in *Salcedo*. The views of Congress exhaustively considered by the Eleventh Circuit in *Salcedo* are, thus, the exact same views that preclude Plaintiff from showing injury in fact here. There is no basis to conclude that Congress singled out the annoyance of receiving an unsolicited text message as harmful and, thus, intended to allow plaintiffs to sue exclusively on that basis. Thus, the judgment of Congress does not support a finding that Plaintiff's allegations are sufficient to show injury.

**B.     History**

The *Salcedo* court next looked to history, rejecting the plaintiff's analogies to traditional causes of action, which Plaintiff in this case appears to make in his Complaint. *See* Compl. ¶ 19 (alleging "invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion."). First, the court rejected the contention that allegations of invasion of privacy resulting from the receipt of an unsolicited text message are "closely related" to the common law tort of "intrusion upon seclusion." *Id.* at 1171. The *Salcedo* court explained that analogy to the tort of intrusion upon seclusion would require an "objectively serious and universally condemnable" invasion of privacy to establish standing, but the plaintiff's alleged harm from receiving an unwanted text message was merely "isolated, momentary, and ephemeral." *Id.* In addition, the

court found that the act of sending a text message to a private cell phone is not "closely related" to the "severe kinds of actively intermeddling intrusions" on private affairs contemplated by the traditional tort. *Id.* Rather, the court explained that "[the plaintiff's] reasoning would equate opening your private mail . . . with mailing you a postcard." *Id.*

Second, the court rejected the comparison between the plaintiff's allegations of nuisance—equivalent to Plaintiff's allegations of "aggravation" and "annoyance"—to the traditional torts of trespass and private nuisance. *Id.* The court explained that those traditional causes of action contemplate invasion of an "interest in real property," which the plaintiff there had not alleged, and neither does the Plaintiff in this case. *Id.* Further, the *Salcedo* court noted that even in the context of nuisance to real property, "mere disturbance and annoyance"—which is all Plaintiff in this case alleges, and in a conclusory fashion—do not necessarily "give rise to an invasion of a legal right." *Id.*

Finally, the court rejected the plaintiff's argument that his alleged harm is closely related to the personal property torts of conversion and trespass to chattel. Both of those torts would require allegations of a "near complete and permanent dominion over [the plaintiff's] phone" or harm to the "materially valuable interest in the physical condition, quality, or value" of the phone. *Id.* at 1171-72. The court concluded that the plaintiff's allegation of harm, similar to Plaintiff's allegation in this case, "is precisely the kind of fleeting infraction upon personal property that tort law has resisted addressing." *Id.* at 1172.

In sum, the Eleventh Circuit held that neither history nor the judgment of Congress could support finding a concrete injury in fact from the plaintiff's allegations that suffered intangible harms from the receipt of an unsolicited text message in violation of the TCPA. *Id.* at 1172. The court went onto clarify that its holding is based on a "qualitative, not quantitative" analysis. *Id.* at

1173. The court explained: "We have assessed how concrete and real the alleged harm is, and we have concluded that it is not the *kind* of harm that constitutes an injury in fact." *Id.* at 1173 (citations omitted) (emphasis added).

The holding in *Salcedo* forecloses any finding of injury in fact in this case for the same reasons. Here, the Complaint contains nothing more than conclusory allegations of intangible harms resulting from the receipt of a single text message, which are qualitatively indistinguishable from the alleged harms at issue in *Salcedo*. Compl. ¶¶ 10, 19. Plaintiff alleges that receiving text messages "inconvenienced" him and "caused disruption to his daily life." *Id.* ¶ 19. The plaintiff in *Salcedo* similarly alleged that receiving a text message caused him to "waste his time answering or otherwise addressing the message." *Salcedo*, 936 F.3d at 1167. Plaintiff also alleges the text messages caused "invasion of privacy, aggravation, and annoyance," Compl. ¶ 19, similar to the plaintiff in *Salcedo*, who alleged that the message he received "resulted in an invasion of [his] privacy and right to enjoy the full utility of his cellular device" and constituted a "nuisance." 936 F.3d at 1167, 1171. The Eleventh Circuit has fully addressed the same harms that Plaintiff alleges and has held that they are not the *kind* of "real" harms that constitute an injury in fact. *Id.* at 1173. Thus, Plaintiff fails to establish that he has standing under Article III, and his Complaint should be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**, Defendant, Slomin's Inc., respectfully requests that the Court enter an order dismissing plaintiff's complaint and granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: October 30, 2019 | Respectfully submitted,<br><br>*Stephen P. Drobny*<br>Stephen P. Drobny<br>Florida Bar No. 55732<br>sdrobny@joneswalker.com<br>Jones Walker LLP<br>201 S. Biscayne Blvd., Suite 2600<br>Miami, Florida 33139<br>Phone: (305) 679-5700<br>Fax: (305) 679-7510<br><br>Jonathan R. Chally*<br>jchally@kslaw.com<br>Allison Hill White*<br>awhite@kslaw.com<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>Phone: (404) 572-4600<br>Fax: (404) 572-5140<br>*ptt*Pro hac vice* motions forthcoming |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2019 a true and correct copy of the foregoing was electronically filed using the Court's ECF system. I also certify that the foregoing document is being served this day on all counsel of record and parties identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or by first-class United States mail for those parties not receiving notice electronically.

                                                 */s/ Stephen P. Drobny*
                                                 Stephen P. Drobny

**Service List**

Thomas John Patti, III
Law Offices of Jibrael S. Hindi
110 S.E. 6th Street
Suite 1700
Fort Lauderdale, FL 33301
954-907-1136
Fax: 954-529-9540
Email: tom@jibraellaw.com
*Counsel for Plaintiff*

Jibrael Jarallah Said Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th St.
17th Floor
Fort Lauderdale, FL 33301
954-907-1136
Email: jibrael@jibraellaw.com
*Counsel for Plaintiff*